IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEOFFREY A. HERLING,

                Petitioner,              OPINION AND ORDER

    v.                                                    18-cv-248-wmc

MICHAEL DITTMAN, Warden,
Columbia Correctional Institution,

                Respondent.

---

Geoffrey Herling, an inmate at the Columbia Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2012 conviction in the Circuit Court for Dane County, Wisconsin, on two counts of attempted first-degree homicide. As grounds, petitioner argues that his trial lawyer was ineffective in failing to alert the trial judge that he was suffering from amnesia during the trial. After a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that petitioner stands a negligible chance of obtaining relief from this court for the reasons discussed below. Accordingly, the court will not order a response to the petition at this time. Before dismissing the petition, however, the court will allow the petitioner an opportunity to show that he can satisfy the rigorous prerequisites set out in 28 U.S.C. § 2254 for obtaining federal habeas relief.

1

BACKGROUND

In 2012, a jury found Herling guilty on two counts of attempted first-degree intentional homicide based on his participation in a motel hallway shootout involving him and several Dane County deputies on July 12, 2011. Herling's defense at trial was that he intended only for the officers to kill *him*, a defense known colloquially as "suicide by cop." After sentencing, Herling sought a new trial, claiming that he was suffering from amnesia regarding the events leading up to and during the shooting incident and that his lawyer had been ineffective for not raising the issue during trial. Although not convinced that Herling had presented sufficient evidence to establish his claim of amnesia, the circuit court found that even if he had, Herling had not been prejudiced by any arguable ineffectiveness of counsel. The Wisconsin Court of Appeals agreed, and the Wisconsin Supreme Court declined his request to review the case. Copies of the relevant state court decisions are attached to the petition. (Dkt. 1, Exhs. 1-5).

Having exhausted his state court remedies, Herling now petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254, asserting the same claim of ineffective assistance of counsel already rejected by the Wisconsin courts. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which directs the court to dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

OPINION

Under the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court may grant Herling's petition only if the state courts' adjudication of his claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Consistent with this standard, federal courts may not review state court decisions adjudicating federal constitutional claims *de novo*, but rather may review only for reasonableness. Moreover, for purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (O'Connor, J., concurring). To show that a state court decision was unreasonable, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Under § 2254(d)(2), a federal court may grant habeas relief on the alternative ground that the state court's adjudication of a constitutional claim was based upon an unreasonable determination of the facts in light of the evidence presented. But again, the

federal court owes deference to the state court. The underlying state court findings of fact and credibility determinations against the petitioner are presumed correct unless the petitioner comes forth with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014); *Newman v. Harrington*, 726 F.3d 921, 928 (7th Cir. 2013).

Where, as here, the prisoner asserts a claim of ineffective assistance of counsel, this standard of review is extraordinarily difficult to meet: "The standards created by [*Strickland v. Washington*, 466 U.S. 668, 687 (1984),] and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id*. at 105 (internal quotations and citations omitted). This means that if "there is any reasonable argument" that *Strickland*'s deferential standard has been met, then habeas relief is not available. *Id*. As a result, it is all but a foregone conclusion that petitioner will not be entitled to relief from this court.

The Wisconsin Court of Appeals recognized in its decision affirming the denial of Herling's request for a new trial that Herling's claim of ineffective assistance is governed by the two-part test established in *Strickland*, 466 U.S. 668, which required Herling to establish both that (1) his counsel's performance was deficient and (2) he suffered prejudice as a result. *State v. Herling*, 2018 WI App 8, ¶ 7, 379 Wis. 2d 767, 909 N.W.2d 210 (per curiam) (unpublished disposition), *review denied*, 2018 WI 32, ¶ 7, 380 Wis. 2d 351, 913 N.W.2d 187. Following the trial court's lead, the court of appeals focused on the prejudice prong, assuming that Herling had amnesia at the time of trial and that

counsel's performance in failing to raise the issue was deficient. The court nonetheless found that Herling had failed to show a reasonable probability of a different result at trial. In doing so, the court relied upon the trial court's "detailed factual findings" that Herling had not challenged directly on appeal. *Id*. ¶ 11.

Specifically, the trial court acknowledged that Herling's claimed amnesia about the events in question would have negatively affected his ability to assist and consult with his lawyer, as well as prevented him from testifying about his subjective intent. (Wis. Circuit Ct. Dec., Nov. 2, 2019 (dkt. # 1, Exh. 3) at 15-17). After an exhaustive review of the record, however, the trial court went on to identify a number of other factors that indicated Herling had received a fair trial, including:

> significant parts of the incident were recorded on video tape and substantial amounts of crucial physical evidence were photographed, measured and preserved, such that Herling's amnesia did not interfere with his lawyer's ability to know what he did, as opposed to what he intended (*id.* at 17-19);

> in light of this physical evidence, there was no alibi defense or uncertainty that the person on the videotape who repeatedly shot at the deputies was anyone other than Herling (*id.*);

> testimony from Herling that he lacked the mental purpose to kill the deputies would not have negated the jury's finding of intent, where the undisputed facts showed that Herling pointed a 12-gauge shotgun directly at the deputies and pulled the trigger within 16 feet of them; even without mental purpose to kill, Herling's acts "were practically certain to cause the death of another human being," which was enough to satisfy the legal definition of intent (*id.* at 18-24);

> Herling's "suicide by cop" defense was fully presented to the jury through other evidence (*id.* at 26-30); and

> even if Herling would have testified that he was not intending to kill the

deputies but was trying to get them to kill *him* (a.k.a. "suicide by cop"), his intent that he be killed was not necessarily inconsistent with an intent to kill others (*id*. at 30).[1]

As the Wisconsin Court of Appeals emphasized, Herling did not challenge any of these findings. Instead, Herling argues that: he was unable to give his trial counsel any information about the shooting; he wanted to testify that the episode was contrary to his "personality, history and values," but his counsel advised him not to testify because of his memory problems; and that his amnesia had prevented him from helping his attorney rebut certain facts that the State had presented regarding Herling's actions *before* the shooting. *Herling*, 2018 WI App 8, ¶¶ 16-20. The court of appeals rejected these arguments, noting that most of them appeared to relate to whether Herling's amnesia prevented him from consulting with and assisting his attorney, a factor which the trial court had agreed weighed in Herling's favor. *Id*. ¶ 21. Like the trial court, however, the court of appeals found that

---

[1] In analyzing whether Herling was fairly tried in spite of his alleged amnesia, the Wisconsin trial and appellate courts utilized the factors identified by the Wisconsin Court of Appeals in *State v. McIntosh*, 137 Wis. 2d 339, 404 N.W.2d 557 (Ct. App. 1987). In that case, the Wisconsin Court of Appeals held that when an otherwise competent defendant claims to suffer from amnesia or other memory disorder, the trial court has discretion to permit the trial to continue, but at its conclusion, should evaluate a number of factors to ensure the defendant received a fair trial. *Id*. at 349, 404 N.W. 2d at 562 (adopting approach of *Wilson v. United States*, 391 F.2d 460 (D.C. Cir. 1968)). This court is not aware of any United States Supreme Court case adopting the *Wilson* factors in an amnesia case, so Herling cannot obtain habeas relief in this court by showing unreasonable application of the *McIntosh/Wilson* factors. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam) (state court does not unreasonably apply clearly established federal law when Supreme Court's cases "give no clear answer to the question presented"). That said, the ultimate question that both *McIntosh and Strickland* seek to answer is whether the defendant received a fair trial. Thus, the Wisconsin courts' analysis of the *McIntosh/Wilson* factors bears directly on whether they reasonably concluded that Herling had not been prejudiced by his counsel's alleged deficient performance.

the negative effect of Herling's inability to assist his attorney was not substantial and did not, in itself, amount to a denial of due process.  *Id*.

Assuming the state courts accurately recited the key facts -- and Herling's petition offers no trial evidence to hold otherwise -- then the state courts' resolution of Herling's *Strickland* claim was eminently reasonable.  As the state courts recognized, to show prejudice under *Strickland*, Herling had to demonstrate a reasonable probability that his lawyer's failure to raise the issue of his amnesia deprived him of a trial whose result was reliable, not merely that the error had some "conceivable effect" on the outcome.  *Strickland*, 466 U.S. at 687, 693.  When, as in this case, the constitutional question "is a matter of degree, rather than of concrete entitlements," § 2254(d)(1) requires the federal court to deny the petition so long as "the state court takes the rule seriously and produces an answer within the range of defensible positions."  *Mendiola v. Schomig*, 224 F.3d 589, 591–92 (7th Cir. 2000) (citations omitted).

The state courts appear to have done that here.  Certainly, reasonable jurists could agree that the outcome of the trial was not reasonably likely to have been different even had Herling been able to testify about his intent, given:  Herling's counsel's ability to reconstruct the events from the videotape and other physical evidence; the overwhelming evidence showing that Herling fired a shotgun round directly toward the officers at a distance of 16 feet; and Herling's ability to present his "suicide by cop" defense to the jury through other evidence.   Stated another way, particularly where the jury could have found the requisite intent to kill *even if* it fully credited Herling's defense of amnesia, this does

7

not appear to be a case where there was an "extreme malfunction" in the state criminal justice system that warrants federal court intervention. *Richter*, 562 U.S. at 102 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Accordingly, the court is not going to require respondent to answer the petition at this time. Instead, not later than **January 10, 2019**, petitioner should file a brief in support of his petition showing why he meets one of the prerequisites for habeas relief established under § 2254(d). In the event petitioner fails to submit a brief or fails to make a plausible showing that habeas relief is appropriate under § 2254(d), then the petition will be dismissed.

ORDER

IT IS ORDERED that:

1. Not later than **January 10, 2019**, petitioner should file a brief in support of his petition showing why he meets one of the prerequisites for habeas relief established under § 2254(d). In the event petitioner fails to submit a brief or fails to make a plausible showing that habeas relief is appropriate under § 2254(d), then the petition will be dismissed.
2. Petitioner's motion for screening (dkt. #2) is GRANTED.

Entered this 20th day of December, 2018.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge