IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

GEOFFREY A. HERLING,

                Petitioner,                OPINION AND ORDER

   v.                                           18-cv-248-wmc

MICHAEL DITTMAN, Warden,
Columbia Correctional Institution,

                Respondent.
---

In 2012, a Dane County, Wisconsin, jury found petitioner Geoffrey Herling guilty on two counts of attempted, first-degree intentional homicide, arising out of his participation in a motel hallway shootout with several Dane County deputies on July 12, 2011. Herling's defense at trial was that he intended only for the officers to kill *him* -- a defense known colloquially as "suicide by cop." After sentencing, Herling sought a new trial, claiming that: (1) he was suffering from amnesia regarding the events leading up to and during the shooting incident; and (2) his lawyer had been ineffective by failing to raise the issue during trial. Although not convinced that Herling had presented sufficient evidence to establish his claim of amnesia, the circuit court found that Herling had not been prejudiced by any arguable ineffectiveness of counsel even if he had amnesia. The Wisconsin Court of Appeals agreed, and the Wisconsin Supreme Court declined his request to review the case.

Having exhausted his state court remedies, Herling now petitions this court for a

1

writ of habeas corpus under 28 U.S.C. § 2254, asserting the same claim of ineffective assistance of counsel already rejected by the Wisconsin courts.  On December 20, 2018, the court reviewed his petition, including copies of the relevant state court decisions, and "[a]ssuming the state courts accurately recited the key facts," determined the state courts' resolution of Herling's *Strickland* claim was eminently reasonable."  (Op. and Order, Dec. 20, 2018 (dkt. #3) 7.)   Still, before dismissing the petition, the court gave Herling another opportunity "to show that he can satisfy the rigorous prerequisites set out in 28 U.S.C. § 2254 for obtaining federal habeas relief."  (*Id*. at 8.)

Herling, who is represented by counsel, responded to that order by submitting a 32-page brief, trial and postconviction motion transcripts, and copies of the postconviction motions he filed in state court, attempting to overcome § 2254(d)'s high bar by arguing that the Wisconsin courts acted unreasonably when they determined he had received a fair trial – and, therefore, failed to show prejudice under *Strickland* -- without hearing testimony from trial counsel.  (Dkt. #4.)   More specifically, Herling argues that without counsel's testimony, the state courts had no basis to find the following facts:

> (1) Herling and his counsel were able to reconstruct the events from the large volume of physical evidence produced by the state before trial, including a videotape and reports from evidence recovery officers and crime scene reconstruction experts; and
>
> (2) it was "practically inconceivable" that a jury would have acquitted Herling even if he had been able to testify that he lacked the intent to kill the officers.

Herling's attack on these findings fails for two reasons.  *First*, he has failed to come

2

forth with the necessary "clear and convincing evidence" to rebut these findings, which are presumed correct. 28 U.S.C. § 2254(e)(1). Although Herling insists that the state courts did not have enough evidence to find these facts without hearing from trial counsel, he has not provided an affidavit from trial counsel to support his claim. His position that the state courts' factual findings are unreliable *absent* trial counsel's testimony, therefore, rests on nothing but speculation.

*Second*, even had Herling presented an affidavit from counsel, there is a negligible chance his statement would show that the state courts were *unreasonable* in finding that Herling and he were able to reconstruct the shooting from the videotape, physical evidence, eyewitness testimony, and reconstruction expert testimony. Indeed, in his opening statement, counsel told the jury that "with a few notable exceptions, there's not much disagreement about what happened in this case." (Dkt. #4-2, at 39.) As the state trial court emphasized in its findings, the issue at trial was not what Herling did, but what he intended, and therefore Herling's inability to testify about what were his essentially indisputable *actions* would not have mattered. (Ord. on Post-Conviction Mot. (dkt. #1-3) at 17-18.) Testimony from counsel would not change this fact.

As for the trial court's finding that the prosecution's case against Herling was "exceedingly strong," Herling again does not explain how counsel's testimony would be relevant. Herling suggests that trial counsel must have thought otherwise or he would not have taken the case to trial, but that is nothing but rank speculation. Indeed, there are countless criminal trials in which the defendant lacks a legitimate defense. In any case,

3

the decision to go to trial is the defendant's, not counsel's, so what counsel thought of the case has little relevance to the jury's and state courts' after-the-fact assessment of the trial itself.

Third, and finally, Herling attacks the reasonableness of the state courts' finding that he was able to present extensive evidence to the jury in support of his "suicide by cop" theory of defense despite not testifying. In particular, Herling argues that this finding is inconsistent with the state courts' finding that the jury could have found the requisite intent to kill *even if* it fully credited Herling's "suicide by cop" defense. According to Herling, it was unreasonable for the state courts to say in one breath that the defense of "suicide by cop" was a loser, while in the next breath point to Herling's ability to present that defense as evidence that he was not prejudiced. (Br. in Supp. (dkt. #4) at 31-32.) Again, the court disagrees.

The point that the state courts were making was merely that it was not necessary for Herling to testify in order to present his "suicide by cop" defense, meaning he was not deprived of the ability to present a defense. It was also reasonable and logical for the state courts to afind that the "suicide by cop" defense, even if believed by the jury, would not have undermined the jury's finding that he had the mental purpose to kill the deputies in light of the overwhelming evidence presented by the state in favor of attempted homicide. A defendant has a constitutional right to present a defense, not a right to present a successful one.

In sum, Herling has failed to show that he meets any of the prerequisites for habeas

relief set out in § 2254(d). Accordingly, for the reasons stated in the court's opinion and order entered December 20th, 2018, as supplemented herein, his petition must be dismissed.

Should Herling wish to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Herling is entitled to habeas relief on his ineffective assistance of counsel claim only if he can show that the state court's ruling was so "lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Ward v. Neal*, 835 F.3d 698, 703 (7th Cir. 2016) (internal citation omitted). As explained above, and in this court's previous order, Herling has not come close to making that showing. The state courts applied the correct rule, took Herling's claim seriously, made findings of fact supported by the record, and drew reasonable conclusions from those facts. In light of this, the court finds Herling's Sixth Amendment claim is not reasonably debatable. Therefore, the court denies a certificate

of appealability.

ORDER

IT IS ORDERED that Geoffrey Herling's petition for a writ of habeas corpus is DISMISSED.

Entered this 29th day of May, 2020.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                WILLIAM M. CONLEY
                                                District Judge